34140.   GRIFFITH *v*. THE STATE.

DECIDED JULY 15, 1952.

*Orrin Roberts*, for plaintiff in error.
*D. M. Pollock, Solicitor-General*, contra.

GARDNER, P.J.   The defendant was found guilty of distilling, manufacturing, and making whisky. He filed a motion for new trial on the general grounds and thereafter added two special grounds. The general grounds are abandoned. We set forth the special grounds verbatim as they appear in the record:

"Fourth ground (special ground one). Movant contends that

the court erred in admitting, over objection of defendant's counsel, the following evidence: Mr. Pollock: Q. Mr. Howard, how long have you been knowing Thurmond? A. About fifteen or twenty years. Q. Do you know his general reputation for dealing in whisky? Mr. Roberts: I object to his going into any past action of this boy. I don't know whether he has been guilty or not. The Court: I am going to limit it, the defendant, if I remember correctly, stated to the jury that he had not been fooling with whisky and had nothing to do with it for some time and didn't make a living that way. He has put his character in evidence only as to liquor, therefore, you must restrict it to questions as to whisky. Q. Do you know his general reputation as dealing with whisky? A. Yes. Q. Is that reputation good or bad? A. Bad. The Court: Do you mean by that that his reputation is that of dealing in it? A. Yes. Cross-examination by Mr. Roberts: Q. How long have you been sheriff? A. Four years. Q. You haven't had him in this courthouse in those four years have you? A. No, sir. Re-direct by Mr. Pollock: Q. Mr. Howard, do you remember the case where he was indicted? A. Mr. Roberts: I object to his going into detail. The Court: You can't go into detail but you may ask the witness. Mr. Pollock: He has asked him the question if he had had him in this court in the last two years. I want to ask him if he has had him in this court? The Court: I will allow you to ask that. Mr. Roberts: This is his own witness and he is trying to direct him. He has asked has he already had him in court. Mr. Pollock: Your Honor, I want to refresh his recollection, I want to send down and get the indictment. I want to ask him if he was not indicted in this court, this man, and that the case was nol prossed to allow this man to go into the Army, and he never did go into the Army. Witness: That is right. Mr. Roberts: Your Honor, I object to it on ground until there is better evidence of it. The Court: I am not going to allow him to go into the contents of the indictment, if there was one, the indictment would be the best evidence. Q. But wasn't he brought into this court on a liquor violation and it was nol prossed to allow him to go into the Army? A. Yes, sir. Q. And he never did go into the Army? Mr. Roberts: This is not within four years. I object to it on the grounds that there is better evidence which

will prove that it isn't true. The Court: Let us get the record on it. (The records show it was not within four years).

"Movant contends that this evidence was improperly admitted by the court and involved transactions too remote for consideration by the jury and was confusing to the jury over objections duly made, and was error and was harmful to the defendant's cause.

"Fifth ground (special ground two). Movant contends that the court erred in failing to rule out all of the evidence contained in ground four of this amended motion and the failing to instruct the jury that they could not consider the same upon the trial, which is shown by the following colloquy: Mr. Pollock: Your Honor, I wish to state the State is not offering any proof of any specific crime, or any indictment, or anything of that kind, in this case, but simply offering the general reputation of the defendant as to dealing in whisky. Mr. Roberts: I think, your Honor, even with that he has failed to remove the damage he has done in calling all those, and we ask the court to charge the jury that they are not to allow any of the evidence the solicitor has offered in reference to any charges against this boy as evidence against him in this case. The Court: I am going to confine the issue, the defendant has put the issue as to the particular trait as to whether or not he was in the liquor business, or had any dealings with liquor, and any evidence shall be only considered as to whether or not it is rebuttal to that, not any question as to the guilt or the innocence in this particular case.

"Because, as movant contends, the court erred in not entirely erasing from the minds of the jury the evidence elicited by the solicitor-general in his charge to the jury, as such evidence was harmful to the defendant's cause and confusing to the jury."

In view of the fact that the defendant in his statement introduced his good character in issue with reference to dealing in liquor and that the allegations of the special grounds are to the effect of rebutting the statement of the defendant, and in view of the fact of the restrictions imposed by the court as shown in these grounds, and in view of the fact that in the absence of the charge of the court as being a necessary part of the record, we must conclude that the charge on the questions

relative to these special grounds was ample, full and correct, and properly restricted to take care of the defendant's rights. Regarding the question under consideration, there appears no reversible error.

*Judgment affirmed. Townsend and Carlisle, JJ., concur.*